## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JIM ROBERTS,** | ) | |
| | ) | **8:11CV06** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| **A-1 UNITED HEATING & AIR CONDITIONING CO.,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

  Plaintiff Jim Roberts is a former employee of Defendant A-1 United Heating & Air Conditioning Co. and is currently employed by a competitor of the Defendant. The parties agree that certain information and documents may be disclosed during discovery which one or more parties claim constitute confidential information or highly confidential information. In order to protect such information from disclosure, the parties agree as follows:

  Given the nature of this action, the parties are likely to exchange information in response to Federal Rule of Civil Procedure 26 that is confidential and proprietary in nature. Such protected information includes, but is not limited to, financial and other personal information regarding Plaintiff, Defendant, and third parties; information related to Defendant's business practices, customers, procedures, and strategies; information related to insurance coverage; and additional proprietary information, such as procedural and operations materials, which may interfere with Defendant's ability to conduct business or compromise its competitiveness in the marketplace.

  Having considered the parties' approval of entry of Protective Order and it appearing to the Court that good cause exists under Federal Rule of Civil Procedure 26(c), the Court orders the following:

  1. Any information (whether in the form of documents, interrogatory responses, deposition testimony, or any other form) produced or exchanged by any parties to this action, third parties, or any of their attorneys, which a party or third party believes in good faith is of a confidential nature, specifically: (a) confidential personal information (including, but not limited to, private information relating to insurance policy numbers, social security

numbers, drivers' license numbers, home addresses or telephone numbers, claims made under insurance policies, or financial information); and (b) confidential business or strategic information; including any copy thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating any information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2. All Confidential Information produced by or obtained from any other party in the course of this action, through discovery or otherwise, shall be used by the party to whom such information is produced solely for the purpose of this litigation and for no other purpose and shall not otherwise be disclosed to anyone.

3. A party or third party may designate written material as Confidential Information by marking each page of such material that contains Confidential Information with the legend "Confidential", or the party may designate material as confidential and subject to the protective order by stating in response to a discovery request that the document is confidential and subject to the Protective Order. Wherever it appears that Confidential Information will be revealed in a deposition taken after the date of this Order, a party may provisionally designate the material on the record at the time of its disclosure as "Confidential." Upon such designation, the portion of the deposition containing Confidential Information shall be subject to the terms of this Order.

4. Confidential Information shall be produced only to counsel of record in this action and to the individually named parties to this action, all of whom have agreed to be bound and are bound by the terms of this Order.

5. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party or third party designating the information as confidential, except that counsel may, without further agreement or Court order and except as provided in the preceding paragraph, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

(a)   Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

(b)   Experts or consultants retained by the parties in this action;

(c)   Any person who is an officer, director, or employee of any reproduction or litigation document handling service whom counsel specifically authorizes to work on this case;

(d)   Any person from whom testimony is being taken, has been taken or is reasonably expected to be taken in this action (whether in deposition or at trial), at a reasonable time before such testimony or during such testimony;

(e)   The Court before which this action is pending; and

(f)   Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

6.   Each person referred to in subparagraph 5(b) who has been shown or given access to Confidential Information, or information derived therefrom, shall sign an undertaking stating that he or she has read a copy of this Order and agrees to be bound by its provisions, which undertaking shall be retained by counsel for the receiving party who provides such material or information to such person. Upon request, a copy of the undertaking will be delivered to the opposing counsel after the parties have designated experts, except that in the case of an expert who has not been designated or has been consulted solely in an advisory capacity, the undertaking may be submitted to the Court for in camera review.

7.   Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents and information may be used, consistently with the terms of this Order, and without limitation, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

8.   This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

9. Producing or receiving materials or otherwise complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information or a trade secret under applicable law; or (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or (c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or (d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

10. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. After final resolution of this action, including all appeals, within 30 days following a written request, all Confidential Information and reproductions thereof shall be: either (a) returned to counsel for the party or third party who provided the Confidential Information; or (b) destroyed, and counsel for the party receiving the Confidential Information shall sign and provide to Counsel for the party or third party producing the Confidential Information a certification attesting to such destruction.

11. Any party may at any time and for any reason seek modification of this Protective Order. In the event either party disputes the appropriateness of the other's designation of documents as confidential pursuant to this order then the party shall first attempt to resolve the issue with opposing counsel and then, if unsuccessful, may apply to this Court for an order declaring specific documents to be removed from the protective order and no longer treated as confidential. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

DATED this 18th day of March, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge